**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SHARRONE LEE
218 54th Street, SE
Washington, DC 20019

Plaintiff,

v. Civil Action No. ________________

PSI SERVICES III, INC.
a/k/a PSI FAMILY SERVICES, INC.
8301 Professional Place East, Suite 205
Hyattsville, MD 20785
Serve: Michael Abramowitz

ESTATE OF ELIZABETH ABRAMOWITZ
10310 Riverwood Drive
Potomac, Maryland 20854

YVONNE B. ALI
16300 Pointer Ridge Drive, Suite 189
Bowie, Maryland 20716

Defendants.

**COMPLAINT**

Plaintiff Sharrone Lee ("Plaintiff"), by and through her undersigned attorneys, files this Complaint against her employers PSI Services III, Inc. a/k/a PSI Family Services, Inc. ("PSI"), the Estate of Elizabeth Abramowitz, and Dr. Yvonne B. Ali (collectively, "Defendants"), to seek redress for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); the District of Columbia Minimum Wage Act, D.C. Code §§ 32-1001, *et seq.* ("DCMWA"); and the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301, *et seq.* ("DCWPCL").

Defendants, through actions and omission alleged herein, failed to pay Plaintiff all earned minimum and overtime wages during the course of Plaintiff's employment with Defendants, in violation of the FLSA, the DCMWL, and the DCPCWA. Plaintiff seeks to recover all wages, employment benefits, or other compensation lost or denied due to Defendants' violations, as well as liquidated damages, attorneys' fees, pre-and post-judgment interest, and any other legal or equitable relief this Court deems just and proper to redress Defendants' unlawful actions.

**JURISDICTION AND VENUE**

1. Count I of this Complaint is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
2. Counts II and III are brought pursuant to District of Columbia law.
3. This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.
4. This Court has supplemental jurisdiction over Counts II and III, which arise under the laws of the District of Columbia, pursuant to 28 U.S.C. § 1367(a), because the claims in these counts are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.
5. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia. Defendants frequently do business in the District of Columbia as they maintain a business location in the District of Columbia and are subject to this Court's personal jurisdiction. Plaintiff is a resident of the District of Columbia and performed work for Defendants at their business location in the District of Columbia.

**TOLLING OF LIMITATIONS**

6. On September 13, 2017, the Parties freely and voluntarily entered into an agreement ("Tolling Agreement") to toll until October 31, 2017 the running of any limitations period applicable to Plaintiff's claims under the FLSA, the DCHRA, the DCWPCL, and other federal and state statutes.
7. On October 25, 2017, the Parties extended their Tolling Agreement to December 1, 2017.
8. On November 29, 2017, the Parties extended their Tolling Agreement to January 9, 2018.
9. On January 8, 2018, the Parties extended their Tolling Agreement to February 9, 2018.
10. Between September 13, 2017 and February 9, 2018, Plaintiff's claims were tolled for 150 days.

**PARTIES**

11. Plaintiff Sharrone Lee is an adult resident of the District of Columbia.
12. Plaintiff Sharrone Lee worked for Defendants as a habilitation counselor at Defendants' District of Columbia office, located at 701 L Street SE, Washington, DC 20003, from March 2007 to the end of her employment on or about January 17, 2017.
13. As a habilitation counselor, Plaintiff provided assistance to clients with mental or physical disabilities in their performance of basic tasks, such as eating, bathing, changing, engaging in learning activities, and implementing individual plans of care.
14. At all times relevant to this Complaint, Plaintiff was employed in the District of Columbia within the meaning of D.C. Code § 32-1003(b) because Plaintiff regularly spent more than 50% of her working time in the District of Columbia during her employment with Defendants.

15. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e), D.C. Code § 32-1002(2), and D.C. Code § 32-1301(2).

16. At all times relevant to this Complaint, Defendants were Plaintiff's "employers" within the meaning of 29 U.S.C. § 203(d), D.C. Code § 32-1002(3), and D.C. Code § 32-1301(1B).

17. At all times relevant to this Complaint, Plaintiff was engaged in interstate commerce on Defendants' behalf within the meaning of 29 U.S.C. § 203(s).

18. Defendant PSI Services III, Inc. is a corporation engaged in commerce within the meaning of 29 U.S.C. § 203(s), and operates out of offices located at 770 M Street SE, Washington, DC 20003 and 8301 Professional Place East, Suite 205, Hyattsville, MD 20785.

19. Defendants provide health, habilitation, rehabilitation, education, counseling, and adoption services to individuals and families of the District of Columbia and other states.

20. Upon information and belief, at all times relevant to this Complaint, Defendants' annual gross volume sales made or business done was not less than $500,000.

21. Upon information and belief, Elizabeth Abramowitz was the owner of Defendant PSI Services III, Inc. at all times relevant to this Complaint, and passed away in 2017.

22. At all times relevant to this Complaint, Elizabeth Abramowitz had and exercised both actual and apparent authority to hire and fire Plaintiff, direct and supervise Plaintiff's work, and bind and set wage and hour policies applicable to Plaintiff.

23. Upon information and belief, Defendant Yvonne B. Ali is an adult resident of Maryland who is the President of Defendant PSI Services III, Inc. and was an officer of Defendant PSI Services III, Inc. and Plaintiff's supervisor at all times relevant to this Complaint.
24. At all times relevant to this Complaint, Defendant Yvonne B. Ali had and exercised both actual and apparent authority to hire and fire Plaintiff, direct and supervise Plaintiff's work, and bind and set wage and hour policies applicable to Plaintiff.

**FACTS**

25. Defendants hired Plaintiff in March of 2007.
26. Plaintiff worked for Defendants as a habilitation counselor at Defendants' facility located at 701 L Street SE, Washington, DC 20003, from March 2007 to January 17, 2017.
27. Defendants supervised Plaintiff and controlled the terms and conditions of her employment.
28. Defendants exercised the power to assign Plaintiff tasks and to direct the means of carrying out those tasks.
29. Defendants monitored and evaluated Plaintiff's job performance.
30. Defendants exercised the power to control the Plaintiff's work schedule and employment status, including rate of pay.
31. Throughout her employment with Defendants, Plaintiff regularly worked over forty hours per week.
32. Throughout her employment with Defendants, Plaintiff worked between forty and fifty-five hours per week.
33. Throughout her employment with Defendants, Plaintiff worked Mondays through Fridays, from approximately 7:00-7:30 a.m. to 5:00-6:00 p.m.

34. Throughout her employment with Defendants, Plaintiff worked continuously throughout her shifts and did not take any lunch breaks, as she ate lunch with her clients.

35. In addition to her regular weekly schedule, at Defendants' request, Plaintiff worked at least four eight-hour Saturday shifts in or around August and September 2015.

36. Plaintiff was out on sick leave from July 21, 2016 to September 20, 2016 and did not perform work for Defendants during that time.

37. Plaintiff returned to work on light duty September 21, 2016 and worked approximately eight hours on September 21, 2016 and four hours on September 22, 2016.

38. At the end of her shift on September 22, 2016, Plaintiff was informed by Dr. Yvonne Ali, who was her supervisor, that PSI was not able to accommodate her light duty restrictions.

39. Plaintiff did not work again until January 17, 2017.

40. Plaintiff worked approximately three hours on January 17, 2017.

41. Defendants did not compensate Plaintiff for the work she performed on September 21 and 22, 2016, and on January 17, 2017.

42. From the beginning of her employment to approximately January 2015, Defendants compensated Plaintiff at the overtime rate of one and one-half times her regular wage rate for all hours worked by Plaintiff in excess of forty per week.

43. In or around January 2015, Defendants informed Plaintiff that her position was allegedly exempt from overtime requirements and that Defendants would no longer compensate Plaintiff at the overtime rate of one and one-half times her regular wage rate for all hours worked by Plaintiff in excess of forty per week.

44. Instead, from approximately January 2015 to the end of Plaintiff's employment, Defendants compensated Plaintiff at her regular wage rate for all hours worked, including

hours in excess of forty per week, or did not compensate her at all for hours in excess of forty per week.

45. From approximately January 2015 to July 2016, Defendants failed to pay Plaintiff overtime wages for each hour that she worked in excess of forty each week.

46. Upon information and belief, Defendants were aware that Plaintiff was working more than forty hours a week because Defendants required Plaintiff to document the hours that she worked by signing in and out of work on a physical sign-in sheet each day.

47. Defendants were and are aware that the FLSA, 29 U.S.C § 206, and the DCMWA, D.C. Code § 32-1003(a), require employers to pay non-exempt employees the statutory minimum wage for all hours worked.

48. Defendants were and are aware that the FLSA, 29 U.S.C. § 207, and the DCMWA, D.C. Code § 32-1003(c), require employers to pay non-exempt employees overtime wages at one and one-half times their regular rate of pay for hours worked in excess of 40 hours each workweek.

49. Defendants were and are aware that the DCWPCL, D.C. Code § 32-1302, requires employers to pay employees all wages at least twice during each calendar month.

50. At all times relevant to this Complaint, despite Defendants' assertion to the contrary, Plaintiff did not fall under any of the exemptions listed at 29 U.S.C. § 213, D.C. Code § 32-1004, and D.C. Code § 32-1302.

51. At all times relevant to this Complaint, Plaintiff's primary duties did not involve performance of office or non-manual work directly related to the management or general business operations of Defendants.

52. At all times relevant to this Complaint, Plaintiff's primary duties did not include management of Defendants' enterprise or of a customarily recognized department or subdivision thereof.

53. At all times relevant to this Complaint, Plaintiff's primary duties did not include performance of work requiring knowledge in an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction or study.

54. At all times relevant to this Complaint, Plaintiff's duties did not include the exercise of discretion and independent judgment with respect to matters of significance and/or on a customary or regular basis.

55. At all times relevant to this Complaint, Plaintiff did not regularly assist a proprietor or a *bona fide* executive or administrative employee, perform work under only general supervision along specialized or technical lines requiring special training, experience or knowledge, or execute special assignments under general supervision.

56. At all times relevant to this Complaint, Plaintiff did not regularly direct the work of two or more other employees.

57. At all times relevant to this Complaint, Plaintiff did not have the authority to hire or fire other employees or recommend hiring and firing.

58. Defendants' failure to pay Plaintiff's minimum and overtime wages as required by law was not the result of a *bona fide* dispute.

59. Defendants' failure to pay Plaintiff's minimum and overtime wages as required by law was willful and in bad faith.

**COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

60. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the FLSA.

61. During the applicable statutory period, Defendants failed to pay Plaintiff a minimum wage for all hours worked, in violation of 29 U.S.C. § 206.

62. Defendants' violations of the FLSA were repeated, willful, and intentional. Accordingly, a three-year statute of limitations governs this claim pursuant to 29 U.S.C. § 255(a).

63. Defendants' failure to pay Plaintiff minimum wages was not in good faith and Defendants did not have reasonable grounds to believe their acts and omissions were not in violation of the FLSA. Accordingly, Plaintiff is entitled to recover liquidated damages in an amount equal to Plaintiff's unpaid minimum wages.

64. Plaintiff seeks to recover all unpaid minimum wages and liquidated damages in an amount equal to the unpaid minimum wages described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to 29 U.S.C. § 216(b).

65. Alternatively, should the Court find that Defendants' failure to pay Plaintiff's minimum wages was in good faith and that Defendants had reasonable grounds to believe their acts and omissions were not in violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

**COUNT II: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

66. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the FLSA.

67. At all times relevant to this Complaint, Plaintiff performed non-exempt duties for Defendants under the FLSA.

68. Plaintiff was not exempt from being paid at a rate of one and one-half times her regular rate for all hours worked in excess of forty per week.

69. During the applicable statutory period, Plaintiff routinely worked over forty hours per week. Defendants failed to pay Plaintiff overtime wages for the hours she worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a).

70. Defendants' violations of the FLSA were repeated, willful, and intentional. Accordingly, a three-year statute of limitations governs this claim pursuant to 29 U.S.C. § 255(a).

71. Defendants' failure to pay Plaintiff overtime wages was not in good faith and Defendants did not have reasonable grounds to believe their acts and omissions were not in violation of the FLSA. Accordingly, Plaintiff is entitled to recover liquidated damages in an amount equal to Plaintiff's unpaid overtime wages.

72. Plaintiff seeks to recover all unpaid overtime wages and liquidated damages in an amount equal to the unpaid overtime wages described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to 29 U.S.C. § 216(b).

73. Alternatively, should the Court find that Defendants' failure to pay Plaintiff's overtime wages was in good faith and that Defendants had reasonable grounds to believe their acts and omissions were not in violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

## COUNT III: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE DISTRICT OF COLUMBIA MINIMUM WAGE ACT

74. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the DCMWA.

75. During the applicable statutory period, Defendants failed to pay Plaintiff a minimum wage for all hours worked, in violation of D.C. Code § 32-1003(a).

76. Defendants' violations of the DCMWA were not in good faith, Defendants did not have reasonable grounds to believe their acts and omissions were not in violation of the DCMWA, and Defendants did not promptly pay the full amount of wages that Plaintiff is owed. Accordingly, Plaintiff is entitled to recover liquidated damages equal to treble the amount of unpaid wages owed to Plaintiff, pursuant to 32-1012(b)(1).

77. Plaintiff is entitled to recover all unpaid wages, back wages, statutory penalties, liquidated damages in an amount equal to treble the amount of unpaid wages, and reasonable attorneys' fees and costs pursuant to D.C. Code § 32-1012(b) and D.C. Code § 32-1308.

78. If the Court finds that Defendants acted in good faith, had reasonable grounds to believe their acts did not violate the DCMWA, and promptly paid Plaintiff the full amount of wages that she is owed, Plaintiff may receive liquidated damages less than the amount of treble damages, but not less than the amount of unpaid wages owed pursuant to D.C. Code § 32-1012(b)(2).

**COUNT IV: FAILURE TO PAY OVERTIME WAGE IN VIOLATION OF THE DISTRICT OF COLUMBIA MINIMUM WAGE ACT**

79. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the DCMWA.

80. At all times relevant to this Complaint, Plaintiff performed non-exempt duties for Defendants under the DCMWA.

81. Plaintiff was not exempt from being paid at a rate of one and one-half times her regular rate for all hours worked in excess of forty per week.

82. During the applicable statutory period, Plaintiff routinely worked over forty hours a week. Defendants failed to pay Plaintiff overtime wages for the hours she worked in excess of forty hours per week, in violation of D.C. Code § 32-1003(c).

83. Defendants' violations of the DCMWA were not in good faith, Defendants did not have reasonable grounds to believe their acts and omissions were not in violation of the DCMWA, and Defendants did not promptly pay the full amount of wages that Plaintiff is owed. Accordingly, Plaintiff is entitled to recover liquidated damages in an amount equal to treble the amount of unpaid wages owed to Plaintiff, pursuant to 32-1012(b)(1).

84. Plaintiff is entitled to recover all unpaid wages, back wages, statutory penalties, liquidated damages in an amount equal to treble the amount of unpaid wages, and reasonable attorneys' fees and costs pursuant to D.C. Code § 32-1012(b) and D.C. Code § 32-1308.

85. If the Court finds that Defendants acted in good faith, had reasonable grounds to believe their acts did not violate the DCMWA, and promptly paid Plaintiff the full amount of wages that she is owed, Plaintiff may receive liquidated damages less than the amount of treble damages, but not less than the amount of unpaid wages owed pursuant to D.C. Code § 32-1012(b)(2).

## COUNT V: FAILURE TO PAY TWICE PER MONTH IN VIOLATION OF THE DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTION LAW

86. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the DCWPCL.

87. At all times relevant to this Complaint, Plaintiff performed non-exempt duties for Defendants under the DCWPCL.

88. At all times relevant to this Complaint, Defendants routinely failed to pay Plaintiff all required minimum and overtime wages at least twice in each calendar month, in violation of D.C. Code § 32-1302.

89. Plaintiff is entitled to receive reasonable attorneys' fees and costs, back wages, liquidated damages equal to treble the amount of unpaid wages, statutory penalties, and such legal and equitable relief as may be appropriate pursuant to D.C. Code § 32-1308(a)(1)(A).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that the Court:

a. Grant judgment for Plaintiff against Defendants on all counts;

b. Order Defendants to pay Plaintiff the unpaid minimum wages and overtime wages owed to her pursuant to 29 U.S.C. § 206 and 29 U.S.C. § 207(a), respectively, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Order Defendants to pay Plaintiff all unpaid minimum wages and overtime wages owed to her pursuant to D.C. Code § 32-1003(a) and D.C. Code § 32-1003(c), plus an amount of liquidated damages equal to treble the amount of unpaid wages pursuant to D.C. Code § 32-1012(b) and D.C. Code § 32-1308;

d. Order Defendants to pay Plaintiff back wages, plus an amount of liquidated damages equal to treble the amount of unpaid wages, pursuant to D.C. Code § 32-1308(a)(1)(A);

e. Order Defendants to pay Plaintiff such pre- and post-judgment interest as may be allowed by law;

f. Order Defendants to pay Plaintiff's reasonable attorneys' fees and costs; and

g. Order any other relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable.

Respectfully Submitted,

Marlene S. Ailloud, Bar No. 1027951
*Counsel for Plaintiff*
Gilbert Employment Law, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880; Fax: (301) 608-0881
mailloud-efile@gelawyer.com