# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARRONE LEE, <br><br> Plaintiff, <br><br> v. <br><br> PSI SERVICES III, INC., *et al.* <br><br> Defendants. | Civil Action No. 18-1286 (BAH) <br><br> Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Sharrone Lee initiated this action, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the District of Columbia Minimum Wage Act, D.C. Code §§ 32-1001, *et seq.*, and the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301, *et seq.*, seeking unpaid minimum and overtime wages of an unspecified amount from her former employer PSI Services III, Inc. ("PSI Services"), the estate of Elizabeth Abramowitz, who owned PSI Services, and Yvonne B. Ali, the President of PSI Services. Compl. ¶¶ 1-2, 18-24, ECF No. 1. Pending before the Court is the defendants' Motion to Stay Litigation Pending Arbitration ("Mot. Stay"), ECF No. 17, brought pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. For the reasons set forth below, the motion to stay is denied.

From the filing of plaintiff's complaint, on May 31, 2018, until the filing of defendants' motion to stay on November 28, 2018, the defendants never mentioned, much less actually invoked, their alleged right to compel arbitration of plaintiff's claims. Instead, during this intervening six-month period from May to November, the defendants filed answers to plaintiff's complaint, *see* Answer by Yvonne B. Ali, ECF No. 10; Answer by PSI Services, ECF No. 11; Answer by Estate of Elizabeth Abramowitz, ECF No. 12; requested referral to mediation before

1

a Magistrate Judge, *see* Meet and Confer Statement, ECF No. 14; and were so referred, *see* Minute Order, dated October 17, 2018. Just two days before a scheduled settlement conference before a Magistrate Judge, the defendants brought the instant motion seeking a stay, prompting the Magistrate Judge to vacate the scheduled settlement conference. *See* Minute Order, dated November 29, 2018.

The law is well settled in this Circuit that a defendant seeking to invoke the right to arbitration must do so "on the record at the first available opportunity, typically in filing his first responsive pleading or motion to dismiss." *Zuckerman Spaeder, LLP v. Auffenberg*, 646 F.3d 919, 922 (D.C. Cir. 2011). "[F]ailure to invoke arbitration at the first available opportunity will presumptively extinguish a client's ability later to opt for arbitration." *Id.* at 924. *See, e.g.*, *Kelleher v. Dream Catcher, L.L.C.*, 263 F. Supp. 3d 253, 254 (D.D.C. 2017) (finding that the defendant had forfeited its right to move for arbitration after waiting nearly six months to move for arbitration); *Cho v. Mallon & McCool, LLC*, 263 F. Supp. 3d 226, 229 (D.D.C. 2017) (finding that the plaintiff had forfeited his right to invoke arbitration by waiting thirteen months into the litigation before requesting arbitration). The presumption of forfeiture may be overcome if the defendant's failure to compel arbitration "did not prejudice his opponent or the court," *Auffenberg*, 646 F.3d at 923, by showing that the delay "imposed no or little cost upon opposing counsel and the courts," *id.*

In the instant case, the defendants do not dispute that they failed to invoke their alleged right to arbitrate at the first available opportunity, when they filed their answers. The right to arbitrate was therefore presumptively forfeited. The only question for resolution is whether the defendants have overcome the presumption of forfeiture by sufficiently showing that no

prejudice to the opposing party or the Court has resulted. Though a close case, the defendant has failed to show the requisite lack of prejudice.

The plaintiff contends that it "has incurred real costs and expenses that it would not have incurred but for Defendants' delay." Pl.'s Opp'n Defs.' Mot Stay ("Pl.'s Opp'n") at 6, ECF No. 20. In particular, the plaintiff "has expended time and attorney's fees conferring with Defendants regarding discovery, drafting and filing the parties' joint report setting forth the discovery schedule, preparing Plaintiff's initial disclosures …, requesting and preparing for mediation, drafting and submitting a confidential mediation statement in compliance with the Magistrate Judge's orders, and preparing and filing several motions to extend time." *Id.* at 6-7. The defendants attempt to minimize these costs and expenditures by characterizing them as "preliminary acts that would have been required regardless of whether the Parties were in a judicial or arbitral forum." Defs.' Reply Supp. Mot. Stay ("Defs.' Reply") at 15, ECF No. 23. This is simply not the case. Clearly the parties would not have requested, been referred to, and then prepared for, mediation before a Magistrate Judge had the defendants timely sought to compel arbitration.

The defendants further claim that "due to a recordkeeping error and the replacement of its records custodian" they only "first learned of the existence of the arbitration provision applicable to Plaintiff's claims" on November 7, 2018, Defs.' Reply at 14—but this assertion is inapposite. Even if true, the defendants' delayed discovery of their arbitration agreement would only be applicable to the issue of whether the defendants *waived* their rights, not whether, as here, they *forfeited* their rights by failing to assert them. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'"

(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))). The D.C. Circuit has made clear that "forfeiture, not waiver, is the appropriate standard for evaluating a late-filed motion under Section 3 of the FAA," *Auffenberg*, 646 F.3d at 922, and "unlike waiver, [forfeiture] entails no element of intent," *id.* (citing *Olano*, 507 U.S. at 733). *See also Dream Catcher, L.L.C.*, 263 F. Supp. 3d at 256 (explaining that because forfeiture doctrine applies, "it does not matter" when counsel first learned of the arbitration clause it seeks to enforce, only when that right was first invoked). Thus, even if the defendants did not intend to waive their right to arbitrate, they nonetheless forfeited that right by failing to timely assert it.

Accordingly, it is hereby

**ORDERED** that the defendants' Motion to Stay Litigation Pending Arbitration, ECF No. 17, is **DENIED**; and it is further

**ORDERED** that the plaintiff's Motion to Hold Discovery in Abeyance Pending the Court's Decision on Defendants' Motion to Stay, ECF No. 18, is **DENIED** as moot.

**SO ORDERED**.

Date: January 8, 2019

_____
BERYL A. HOWELL
Chief Judge